IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA DIANA WILBURN, <br> TDCJ-CID NO. 1457811, <br> Petitioner, <br> v. <br><br> WILLIAM STEPHENS, <br> Respondent. | § § § § § § § | CIVIL ACTION H-13-3414 |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Pamela Diana Wilburn, a state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a 2007 theft conviction in the 177th Judicial District Court of Harris County, Texas. The Court will dismiss the petition for the reasons to follow.

I. Discussion

In general, federal habeas petitioners must bring their claims in one action. 28 U.S.C. § 2244(b) provides as follows, in pertinent part:

(1) A claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

 (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C. § 2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C. § 2244(b)(1).

Petitioner's first federal habeas petition challenging this conviction was dismissed on August 20, 2013, as time-barred. <u>Wilburn v. Thaler</u>, Civil Action No. 6:13-cv-0094 (W.D. Tex.-Waco, filed Mar. 22, 2013)(Order of dismissal (Docket No. 12) entered Aug. 20, 2013). Such dismissal constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive petitions. See <u>In re Flowers</u>, 595 F.3d 204, 205 (5th

2

Cir. 2009). To the extent that Petitioner raises the same claims in the present petition that she raised in Civil Action No. 6:13-cv-0094 in the Western District of Texas, Waco Division, this Court is required to dismiss those claims. 28 U.S.C. § 2244(b)(1). To the extent that Petitioner seeks relief on grounds not previously presented, she fails to allege or show that she has sought or received authorization from the Court of Appeals to proceed in this Court with respect to any new claims she is raising. 28 U.S.C. § 2244(b)(3).

Accordingly, this action is DISMISSED without prejudice to Petitioner seeking authorization from the Court of Appeals to proceed on any new claims.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). For this reason, this Court finds that a certificate of appealability should not issue in this case.

## II. Conclusion

Accordingly, the Court ORDERS the following:

1. The pending habeas petition is DISMISSED WITHOUT PREJUDICE.

2. A certificate of appealability is DENIED.

3. All other pending motions are DENIED.

SIGNED at Houston, Texas, on January 31, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE